IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LUXOTTICA GROUP S.p.A. and OAKLEY, INC., <br><br> Plaintiffs, <br><br> v. <br><br> XIONG HUA PING, et al., <br><br> Defendants. | Case No. 18-cv-02188 <br><br> **Judge Joan B. Gottschall** <br><br> **Magistrate Judge Sidney I. Schenkier** |

**PLAINTIFFS' SUR-REPLY IN OPPOSITION TO
DEFENDANTS' OMNIBUS MOTION TO DISMISS**

Plaintiffs Luxottica Group S.p.A. and Oakley, Inc. ("Plaintiffs") submit the following sur-reply to Defendants' belmon official store, donna official store, Shop513892 Store, story boutique store, who cutie glasses factory store, and woo shao's store ("Defendants") Omnibus Motion to Dismiss the Amended Complaint [102, 117].

Defendants argue that Plaintiffs conceded the argument that "notwithstanding improper service, the process itself was deficient." This is false as Plaintiffs' Response [113] repeatedly argued that Defendants were properly served under this Court's May 9, 2018 Order [43] authorizing electronic service pursuant to Fed. R. Civ P. 4(f)(3). The May 9, 2018 Order [43] had no translation requirement (which was unnecessary since Defendants operate English language stores and communicated with Plaintiffs' counsel in English).

Defendants then mischaracterize Plaintiffs' position as "that even if service was improper, service through proper channels on Moving Defendants at their publicized addresses would be practically duplicative and unnecessary, because some of them may have 'confirmed receipt of actual notice [sic] via email'." [117]. Again, this is not true. Rather, Plaintiffs provided evidence

that Defendants received actual notice of this case via email to further illustrate the effectiveness of this Court's Fed. R. Civ P. 4(f)(3) Order [43] authorizing electronic service of process.

Finally, Defendants now argue that Plaintiffs "have (or should have had) notice of Defendants' addresses," from shipping labels bearing "valid return addresses, at which Defendants can receive returns," registered addresses on file with Defendants' online marketplaces that could have been discovered by Plaintiffs from the third party online marketplace platforms, and from responses to Plaintiffs' service emails wherein some physical addresses were provided. [117]. First, Plaintiffs still do not know the true identities of the Defendants, and Defendants have made no representations to this Court or to Plaintiffs that the return addresses are legitimate and refer to the actual locations at which the Defendants may be served. Oftentimes, such return addresses are illegitimate or the address of a drop-shipping facility that handles shipment of products for various online merchants. Moreover, any physical addresses provided by Defendants came **after** Defendants had already been properly served pursuant to this Court's May 9, 2018 Order [43]. It is similarly noteworthy that the purported physical addresses provided by Defendants are unverified and appear to be different addresses than the return addresses printed on Defendants' shipping labels. Finally, even if AliExpress, the online marketplace platform used by Defendants, was willing to provide Plaintiffs with Defendants' physical addresses, there is no indication that such addresses would be legitimate (as opposed to the email address on file which must be verified to operate the AliExpress account). Regardless, for the reasons stated in Plaintiffs' Response [113], electronic service under this Court's Order [43] and pursuant to Fed. R. Civ P. 4(f)(3) was proper even if Defendants' identities were known and one of the purported physical addresses happened to be legitimate.

Defendant's Motion should be denied.

Dated this 12th day of November 2018.    Respectfully submitted,

                                                             /s/ Justin R. Gaudio
                                                             Amy C. Ziegler
                                                             Justin R. Gaudio
                                                             RiKaleigh C. Johnson
                                                             Greer, Burns & Crain, Ltd.
                                                             300 South Wacker Drive, Suite 2500
                                                             Chicago, Illinois 60606
                                                             312.360.0080 / 312.360.9315 (facsimile)
                                                             aziegler@gbc.law
                                                             jgaudio@gbc.law
                                                             rjohnson@gbc.law

*Counsel for Plaintiffs Luxottica Group S.p.A and Oakley, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 12th day of November, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system. The CM/ECF system will sent a "Notice of E-Filing" to all attorneys of record in this case.

/s/ Justin R. Gaudio
Amy C. Ziegler
Justin R. Gaudio
RiKaleigh C. Johnson
Greer, Burns & Crain, Ltd.
300 South Wacker Drive, Suite 2500
Chicago, Illinois 60606
312.360.0080 / 312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
rjohnson@gbc.law

*Counsel for Plaintiffs Luxottica Group S.p.A. and Oakley, Inc.*