IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LUXOTTICA GROUP S.p.A. and OAKLEY, INC., <br><br> Plaintiffs, <br><br> v. <br><br> The Partnerships and Unincorporated Associations Identified on Schedule "A," <br><br> Defendants. | Case No. 18-cv-02188 <br><br> Judge Joan B. Gottschall <br><br> Magistrate Judge Sidney I. Schenkier |

**MOVING DEFENDANTS' SURREBUTTAL IN FURTHER SUPPORT OF
THEIR OMNIBUS MOTION TO DISMISS THE AMENDED COMPLAINT**

As the Court has permitted [D.E. 121], Defendants, belmon official store, donna official store, Shop513892 Store, story boutique store, who cutie glasses factory store, and woo shao's store (collectively, the "Moving Defendants"), in support of their Omnibus Motion to Dismiss the Amended Complaint [D.E. 102] with respect to service of process issues only, submits this brief, point-by-point surrebuttal addressing issues discussed in Plaintiffs' surreply, and state:

**SURREBUTTAL**

**I.  Plaintiffs Conceded That Process Was Insufficient By Failing To Address The Issue.**

It is Moving Defendants' position that since Plaintiffs do not address the deficiency of process notwithstanding improper service, an issue raised in the motion [D.E. 102] at 15 & n. 13, Plaintiffs have conceded the point, and this Court should dismiss for insufficient process under FED. R. CIV. P. 12(b)(4). [D.E. 117] at 2 (citing *Sanders v. Vill. of Dixmoor, Ill.*, 178 F.3d 869, 870 (7th Cir. 1999); *Aberman v. Bd. of Educ. of City of Chicago*, 12-CV-10181, 2014 WL 4912139, at *2 (N.D. Ill. Sept. 30, 2014) ("Because Plaintiff did not address Defendants' arguments in her response to the motion to dismiss, she has waived these claims.")). Plaintiffs now contend that

"[t]his is false as Plaintiffs' Response [113] repeatedly argued that Defendants were properly served under this Court's May 9, 2018 Order [43] authorizing electronic service pursuant to [Rule] 4(f)(3)[,]" and the Order "had no translation requirement (which was unnecessary since Defendants operate English language stores and communicated with Plaintiffs' counsel in English)." [D.E. 120] at 1.

Plaintiffs do not actually dispute that they have failed to address Moving Defendants' argument for dismissal under FED. R. CIV. P. 12(b)(4). A review of Plaintiffs' response [D.E. 113] confirms that the brief categorically omits any discussion of the issue. Out-of-context references to the Preliminary Injunction Order dated May 9, 2018 (the "Order") [D.E. 43] cannot cure Plaintiffs' omission, as permissive process and service of process under the Order is necessarily confined to those "not prohibited by international agreement." FED. R. CIV. P. 4(f)(3); *see also* [D.E. 43] at 16-17, ¶ 8.[1] No part of the Order or FED. R. CIV. P. 4(f)(3) exempts Plaintiffs from required compliance with Article 5 of the Hague Convention, under which "[t]he central authority may require that documents be translated into 'an official language' of that state." *Froland v. Yamaha Motor Co., Ltd.*, 296 F. Supp. 2d 1004, 1008 (D. Minn. 2003) (quashing service on Japanese defendant in Japan because "process served in Japan under Hague Convention must be translated into [the] Japanese language[.]"); *Moreland v. Tohnichi Mfg. Co., Ltd.*, 95 C 4047, 1995 WL 616667, at *1 (N.D. Ill. Oct. 19, 1995) (quashing service on Japanese defendant in Japan

---

[1] Notably, an examination of the record shows that by Plaintiffs' own account, not all Defendants to this action are based in Mainland China. *See* [D.E. 22] at 4 (noting that "Defendants are all residents of [Mainland] China, Taiwan and/or Indonesia."). Unlike Mainland China, neither Taiwan nor Indonesia are Hague Convention signatories, and neither jurisdiction has entered into another treaty with the United States regarding service of process. *See id.* at 5 (citing cases and arguing that "[t]hus, there are no international agreements prohibiting service by email" against the Taiwanese and Indonesian Defendants). Therefore, granting dismissal here based on improper service and deficient process under FED. R. CIV. P. 12(b)(4)-(5) will present no tension with the Order [D.E. 43] permitting alternative service under FED. R. CIV. P. 4(f)(3), because serving co-Defendants in this action based in non-treaty jurisdictions such as Taiwan and Indonesia by electronic means does not violate any international agreement, and would be proper under Rule 4(f)(3).

pursuant to the Hague Convention because the summons and complaint served "were in English and did not include a Japanese translation[.]"). As noted in the motion, China's central authority has elected to require all documents and evidence served in that country to be either written in Chinese or have an attached Chinese translation. *See* [D.E. 102] at 15 & n. 13.

In sum, the translation requirement under Article 5 of the Hague Convention, an international agreement pursuant to which service under FED. R. CIV. P. 4(f)(3) must follow, is based on the Convention's deference to a receiving country's choice of requiring documents to be served in a local official language. It has nothing to do with whether a defendant knows English, and to what degree. [D.E. 120] at 1. As such, Plaintiffs have failed to overcome their burden "to demonstrate that the district court has jurisdiction over each defendant through effective service." *Cardenas v. City of Chicago*, 646 F.3d 1001, 1005 (7th Cir. 2011).[2]

## II. Plaintiffs Erroneously Relied On "Actual Notice" To Justify The Means Of Service.

Backtracking from the position taken in their response, [D.E. 113] at 4, 11-12, [D.E. 114] at ¶ 10, Plaintiffs now implicitly acknowledge that consistent with Seventh Circuit precedent and the decisions of this Court, "actual notice" by Defendants cannot cure the impropriety of service under Rule 4. *See* [D.E. 120] at 2-3; *see also* [D.E. 117] at 2-3 (citing *Mid-Continent Wood Prods.*, 936 F.2d at 301; *Myles v. Reighter*, 15 C 9635, 2018 WL 1542391, at *4 (N.D. Ill. Mar. 28, 2018) ("Actual notice to the defendant is insufficient; the plaintiff must comply with the directives of

---

[2] *See also In re Dairy Farmers of Am., Inc. Cheese Antitrust Litig.*, 767 F. Supp. 2d 880, 891 (N.D. Ill. 2011) ("With regard to a motion for lack of personal jurisdiction under Rule 12(b)(2), the burden is on the plaintiff to establish that the court has jurisdiction over the defendant . . . . Motions under Rules 12(b)(4) and 12(b)(5) challenge the process and the service of process, respectively. The standards of review of such motions are the same as for Rule 12(b)(2) motions because 'valid service of process is necessary in order to assert personal jurisdiction over a defendant.'") (quoting *Mid-Continent Wood Prods., Inc. v. Harris,* 936 F.2d 297, 301 (7th Cir. 1991)). "There is very little case law available on the standard to be applied to Rule 12(b)(4) motions claiming insufficient process. Essentially, a motion under 12(b)(4) challenges the form of the summons, whereas a 12(b)(5) motion challenges the service of the summons . . . . [T]he Court sees no reason to apply a different standard of review to Rule 12(b)(4) motions, despite the lack of precedent available on the issue." *Id.* at 892 n. 5 (citing *In re Potash Antitrust Litig.*, 667 F. Supp. 2d 907, 928 (N.D. Ill. 2009) (internal citation omitted)).

3

Rule 4."); *Bell v. City of Chicago*, 03 C 2117, 2004 WL 3119015, at *2 (N.D. Ill. Dec. 20, 2004) (same)). Plaintiffs did not, as they now claim, raise the issue of "actual notice" at least 5 times in their response solely "to further illustrate the effectiveness of this Court's . . . Order [43] authorizing electronic service of process." [D.E. 120] at 2.

Indeed, the context of Plaintiffs' arguments relating to "actual notice" or "actual receipt of notice," and the issue's sheer prevalence throughout Plaintiffs' response brief and supporting affidavit, shows that the argument was by no means raised for purposes of mere window-dressing. *See, e.g.,* [D.E. 114] at ¶ 6 (seeking to justify service purportedly effectuated by noting that "electronic publication and email have proved to be reliable mechanisms for quickly providing notice to Internet store operators in similar cases. Indeed, thousands of defendants in cases I have overseen have confirmed receipt of actual notice via email."); *id.* at ¶ 10 ("On information and belief, Defendants also received notice of this case from AliExpress."); [D.E. 114-4, 5, 6, and 7] (attaching responsive correspondence purportedly confirming actual receipt); [D.E. 113] at 11 ("Notwithstanding Defendants' actual notice via email, Courts have also held that communications to email addresses listed on a defendant's website comport with due process[.]" and also arguing that electronic service of process did not trigger constitutional due process concerns as "further confirmed by Defendants' actual receipt of notice via email.").

### III. Plaintiffs Acknowledge Never Having Sought For Defendants' Physical Addresses.

Under Article 1 of the Hague Convention, if the address of the person to be served is known, the Convention applies.[3] Neither the text of the Hague Convention, nor any known rule of decision, purports to mandate a certainty standard against which the physical address must comply in order to be deemed "known" under Article 1. It is clear from both the response [D.E. 113] and surreply

---

[3] Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361, T.I.A.S. No. 6638, Art. 1.

4

[D.E. 120] that Plaintiffs have undertaken zero effort at actually obtaining Moving Defendants' physical addresses prior to resorting to methods of electronic service outside the permissible confines of the Hague Convention as applicable to the facts of this case. Plaintiffs do not dispute, for example, that Moving Defendants have registered physical addresses on file with the online marketplace AliExpress, and that they elected not to demand such information in their proposed Temporary Restraining Order. *See* [D.E. 30] at 15-17 (demanding only e-mail addresses); *see also* [D.E. 114] at ¶ 7 ("Plaintiffs served the Temporary Restraining Order ("TRO") on AliExpress to *obtain the email addresses* provided and used by Defendants to register their AliExpress accounts[.]") (emphasis added). Plaintiffs have also proffered no authority for their suggestion that having more than one physical address at which a person or entity can be reached for service purposes is somehow unacceptable. [D.E. 120] at 2. The fact of the matter is that even if not posted "on the Internet Stores[,]" [D.E. 113], Moving Defendants' physical addresses are readily knowable through minimal effort, which Plaintiffs have consciously chosen not to undertake, and the Hague Convention therefore governs service of process in this proceeding.

## **CONCLUSION**

Based on the foregoing points and authorities and those in Moving Defendants' motion and reply, the Hague Convention applies, is mandatory, and limits the scope of permissible service methods under Rule 4(f)(3) to exclude service by e-mail and website publication in this case. Therefore, Defendants, belmon official store, donna official store, Shop513892 Store, story boutique store, who cutie glasses factory store, and woo shao's store respectfully request that this Court dismiss Plaintiffs' Amended Complaint with prejudice.

Date: November 21, 2018

Respectfully submitted,

belmon official store, donna official store, Shop513892 Store, story boutique store, who cutie glasses factory store, and woo shao's store

By: /s/          *Xingjian Zhao*
          One of their Attorneys

Michael Diaz, Jr.
Xingjian Zhao
DIAZ, REUS & TARG, LLP
100 Southeast Second Street
3400 Miami Tower
Miami, Florida 33131

Mary-Lisa Sullivan
Danielle S. McKinley
ROBERTS MCGIVNEY ZAGOTTA LLC
305 N. Peoria Street
Suite 200
Chicago, IL 60607

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 21st day of November 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic Filing.

By: /s/          *Xingjian Zhao*
          Xingjian Zhao

6