IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LUXOTTICA GROUP, S.p.A., and OAKLEY, INC., | ) ) ) Case No. 18 CV 2188 |
| Plaintiffs, | ) ) **Judge Joan B. Gottschall** |
| v. | ) ) |
| XIONG HUA PING, et al., | ) ) |
| Defendants. | ) ) |

ORDER

At the status hearing held January 10, 2020, the court became aware of a procedural dispute. The dispute stems from the May 24, 2019, memorandum opinion and order granting the motion under Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5) of several defendants (collectively "moving defendants"), all of which are alleged to be entities based in the People's Republic of China, to dismiss the complaint for insufficient service of process. *See* ECF No. 131 at 4–5, 15, (cited herein as "slip op"). Prior to the opinion, the court had issued an ex parte temporary restraining order ("TRO"), ECF No. 13. Paragraph eight of the TRO authorized plaintiffs to send notice of the complaint and summons by email and by posting them on a website. In the May 24, 2019, opinion, the court found that service in accordance with paragraph eight was insufficient because plaintiffs did not comply with certain requirements of the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters, Nov. 15, 1965 ("Hague Convention"), 20 U.S.T. 361. *Id*. at 5–15.

Plaintiffs moved for reconsideration. With the exception of a defendant not relevant to the present dispute, the motion was denied on June 4, 2019. ECF No. 135. Plaintiffs then advised the court of their intent to serve the defendants in accordance with the Hague

1

Convention. They have since represented that they have initiated the Hague convention process by forwarding documents for service to China's central authority, but plaintiffs have yet to receive a response.

At the status hearing held January 10, 2020, counsel for the plaintiffs and the moving defendants told the court that they are at issue over whether plaintiffs' efforts to serve the moving defendants are futile. As the court understands the moving defendants' position, the dismissal of the complaint means that there are no pending claims, and so plaintiffs must file a new complaint and restart the process of serving the complaint and summons in the newly filed case. Plaintiffs' counsel responded that the complaint should not have been dismissed. Because plaintiffs complied with the TRO's service requirements, they argued that they should have received an opportunity to comply with the Hague Convention after the court ruled that compliance was required.

The court cannot identify any prior request from plaintiffs for additional time to serve the moving defendants. Their lawyer directed the court to their motion for reconsideration at the status hearing. The court has scoured the motion in vain for any mention of, or briefing on, the proper remedy. *See* Mot. to Reconsider, ECF No. 132. Broadly speaking, plaintiffs argued on reconsideration that (i) they exercised reasonable diligence in attempting to locate mailing addresses for the moving defendants (*Id*. at 5–7) and (ii) the court misapplied Supreme Court precedent (*Id*. at 7–10).

Despite their apparent failure to brief the issue, plaintiffs are correct that the court intended to provide them with an opportunity to serve the moving defendants in accordance with the Hague Convention. When granting a Rule 12(b)(5) motion to dismiss for insufficient service, "the district court must either dismiss the suit or specify a time within which the plaintiff

must serve the defendant." *Cardenas v. City of Chicago*, 646 F.3d 1001, 1004 (7th Cir. 2011) (citing Fed. R. Civ. P. 4(m)); *United States v. McLaughlin*, 470 F.3d 698, 700 (7th Cir. 2006) (citations omitted). The decision as to the choice of remedy is "inherently discretionary." *Cardenas*, 664 F.3d at 1004 (citing *United States v. Ligas*, 549 F.3d 497, 501 (7th Cir. 2008)). This court granted the motion to dismiss in the May 24, 2019, memorandum opinion and order, but the dispositive paragraph did not explicitly specify which remedy the court had chosen. *See* slip op. at 15. The court nevertheless made its intentions plain when it set "a status hearing at which plaintiffs should be prepared to tell the court how, if at all, they intend to serve the defendants who have been dismissed." Slip op. at 15. As this language made clear, the law suit would not be dismissed. Plaintiffs would receive an opportunity, if they wished to have one, to attempt to serve the complaint and summons.

Plaintiffs and the moving defendants appeared to share this understanding of the court's ruling for nearly six months. Plaintiffs began the process of serving the moving defendants in accordance with the Hague Convention and gave the court regular status reports. *See* ECF Nos. 137; 139 at 1; 140. The moving defendants appeared at status hearings but voiced no objection to the proceedings until the status hearing held January 10, 2020.

A precise deadline to serve the moving defendants has not been set because the court lacks sufficient information to set one. At the January 10, 2020, status hearing, the court explained that it has no information on how long the Hague Convention process is likely to take.

Plaintiffs' reliance on the TRO in serving the defendants justifies giving them more time. Outright dismissal would have been unfair, particularly given the absence of any obvious prejudice to the moving defendants, who have appeared in this lawsuit and can begin preparing a defense in the event they are properly served. *See United States v. McLaughlin*, 470 F.3d 698,

701 (7th Cir. 2006) ("When delay in service causes zero prejudice to the defendant or third parties (or the court itself), the granting of extensions of time for service, whether before or after the 120–day period has expired, cannot be an abuse of discretion."(citations omitted)).

  To resolve the dispute between plaintiffs and the moving defendants, the court clarifies the May 24, 2019, order to the degree it is ambiguous on the remedy chosen. The complaint is not dismissed. It remains pending against the moving defendants. The court exercises its discretion to extend plaintiffs' deadline to serve the moving defendants. A deadline for perfecting service will be set once the court has received information sufficient to set one.

Date: January 13, 2020         /s/
                   Joan B. Gottschall
                   United States District Judge